

**IN THE**
**TENTH COURT OF APPEALS**

———————

**No. 10-15-00235-CR**

**IN RE MATTHEW ALAN CLENDENNEN**

———————

**Original Proceeding**

**ORDER**

Relator Matthew Alan Clendennen's Petition for Writ of Mandamus was filed on July 1, 2015. There are numerous procedural deficiencies with the petition and the associated appendix.

The petition was not properly certified. *See* TEX. R. APP. P. 52.3(j) ("The person filing the petition must certify that he or she has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record.").

Accordingly, relator is **ORDERED** to electronically file and electronically serve a proper certification of the petition with this Court by **5:00 p.m**. **on July 23, 2015**.

Relator's failure to timely comply with this Order will result in the denial of this petition without further notice from the Court. Further, although the petition was electronically filed as required by Rule 9.2(c)(1), it was not electronically served as required by Rule 9.5(b)(1). *See* TEX. R. APP. P. 9.2(c)(1); 9.5(b)(1)("Attorneys in criminal cases must electronically file documents…;" "A document filed electronically under Rule 9.2 must be served electronically through the electronic filing manager if the email address of the party or attorney to be served is on file with the electronic filing manager."). Because the petition contains proof of service, the Court uses Rule 2 of the Texas Rules of Appellate Procedure to dispense with the electronic service requirement for this isolated instance. *Id*. 2 ("an appellate court may - to expedite a decision or for other good cause - suspend a rule's operation in a particular case and order a different procedure….").

The appendix, which was filed separately from the petition on July 2, 2015, was not electronically filed as required by Rule 9.2(c)(1). *See* TEX. R. APP. P. 9.2(c)(1) ("Attorneys in criminal cases must electronically file documents…."). An exception from this Rule may be requested in a motion filed with the appellate court showing good cause. *Id*. ("Attorneys in criminal cases must electronically file documents *except for good cause shown in a motion filed in the appellate court*." (Emphasis added)). Relator's attorney did not file a motion requesting an exception from this Rule. The appendix also does not contain proof of service as required by Rule 9.5(d). *See id*. 9.5(d) ("A

document presented for filing must contain a proof of service in the form of either an acknowledgment of service by the person served or a certificate of service."). Further, it is unclear whether the documents contained in Exhibits 1, 2, and 5 have been certified or sworn as required by Rule 52.3. *See id*. 52.3(k)(1)(A) ("The appendix must contain: ... a certified or sworn copy of any order complained of, or any other document showing the matter complained of...."). We consider the copy of the news reports video attached as Exhibit 5 to be a "document" under the Rule.

Accordingly, relator is **ORDERED** to electronically file and electronically serve the appendix, providing proper proof of service of the appendix, and electronically file and electronically serve, providing proper proof of service, certified copies of Exhibits 1, 2, and 5 or a sworn declaration that the copies already provided are true and correct with the Court by **5:00 p.m. on July 23, 2015**. Should relator require an exception to this Order, relator must electronically file and electronically serve a motion requesting such exception showing good cause and provide proper proof of service to the Court by the same date and time set out above. Relator's failure to timely comply with this Order will result in the denial of this petition without further notice from the Court.

No record has been filed with the petition as required by Rule 52.7. *See* TEX. R. APP. P. 52.7(a). Accordingly, relator is ORDERED to electronically file and electronically serve the record, providing proper proof of service, with the Court by **5:00 p.m. on July 23, 2015**. Should relator require an exception to this Order, relator must

electronically file and electronically serve a motion requesting such exception showing good cause and provide proper proof of service to the Court by the same date and time set out above. Relator's failure to timely comply with this Order will result in the denial of this petition without further notice from the Court.

Because the subject of the petition is a "gag" order, the relator's attention is drawn to the exception from the filing of documents to which access is otherwise restricted by law or court order. *See* Tex. R. App. P. 9.2(c) ("Documents filed under seal, subject to a pending motion to seal, or to which access is otherwise restricted by law or court order must not be electronically filed.").

PER CURIAM

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Order issued and filed July 7, 2015

